UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGDALENA SOLIS,<br><br>                              Plaintiff,<br>v.<br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>                              Defendants. | Case No.: 24-cv-1441-MMA (LR)<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>[Doc. No. 2] |

Presently before the Court is Plaintiff Magdalena Solis's ("Plaintiff") motion to remand this action to state court. Doc. No. 2. Defendants NationStar Mortgage LLC and U.S. Bank National Association[1] ("Defendants") filed an opposition, Doc. No. 5, and Plaintiff replied, Doc. No. 6. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 7. For the reasons set forth below, the Court **DENIES** Plaintiff's motion to remand.

---

[1] Defendants note that Plaintiff has erroneously sued "U.S. Bancorp d/b/a U.S. Bank National Association," and that U.S. Bank National Association ("U.S. Bank") is the proper defendant in this case. *See* Doc. Nos. 1 at 1–2; 5 at 1.

## I. BACKGROUND

Plaintiff filed a Complaint in the Superior Court of California, County of Imperial, on July 15, 2024, for claims surrounding a modification agreement to Plaintiff's second mortgage and foreclosure on her primary residence. Doc. No. 1-2 ("Compl."). Plaintiff asserts six causes of action against Defendants in her Complaint for: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) negligent misrepresentation; (4) intentional misrepresentation; (5) violation of California's Unfair Competition Law ("UCL), Cal. Bus. & Prof. Code § 17200 *et seq.*; and (6) declaratory relief. Compl. ¶¶ 62–230. Plaintiff requests damages and injunctive relief. *Id.* at pp. 29–30, ¶¶ 1–8.

Defendants removed the case to this Court on August 14, 2024, on the basis of diversity jurisdiction. Doc. No. 1 at 2. In her motion to remand, Plaintiff argues that this case should be remanded because this case "does not involve a federal question" and that this Court should refrain from exercising any jurisdiction it does have under any of the doctrines of abstention. Doc. No. 2 at 2–3. Plaintiff does not challenge Defendants' compliance with removal requirements.

## II. SUBJECT MATTER JURISDICTION

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988). The two primary sources of subject matter jurisdiction are diversity jurisdiction and federal question jurisdiction. Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, meaning that all persons or associations on one side of the controversy (i.e., all plaintiffs) are citizens of different states from all persons or associations on the other side (i.e., all defendants). *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). A corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business—the corporation's "nerve center." *See Hertz Corp. v. Friend*,

559 U.S. 77, 81 (2010).  To establish diversity jurisdiction, the amount in controversy must also exceed $75,000.  *See* 28 U.S.C. § 1332(a).  Federal question jurisdiction permits a claim to proceed in federal court if it arises "under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. § 1331.

In their opposition to Plaintiff's motion to remand, Defendants argue that "Plaintiff's [m]otion seems to completely ignore the actual basis of removal detailed in the Notice of Removal: diversity jurisdiction."  Doc. No. 5 at 2.  Upon review of Plaintiff's Complaint and Defendants' Notice of Removal, the Court agrees.  First, complete diversity is met:  Plaintiff does not dispute that she is a citizen of California and that Defendants are citizens of Texas, Delaware, and Minnesota.  Compl. ¶¶ 1–3; Doc. No. 1 at 3–5.  Second, as Defendants note, and Plaintiff again does not dispute, the amount in controversy in this case is greater than $75,000 and no less than $417,000—the value of Plaintiff's property.  Doc. No. 2 at 2.  In addition, in her reply, Plaintiff no longer challenges whether this Court has subject matter jurisdiction, stating that Defendants "clarified in their [o]pposition that jurisdiction is being claimed on a diversity basis."  Doc. No. 6 at 2.  Therefore, the Court finds it has subject matter jurisdiction over this case.

### III. A<small>BSTENTION</small>

In her reply, Plaintiff doubles-down on her request for the Court to refrain from exercising its jurisdiction under federal abstention doctrines.  Doc. No. 6 at 2–3.

District courts have a "virtually unflagging obligation to exercise the jurisdiction given to them."  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  Federal courts have jurisdiction over diversity cases in order to ensure that citizens of different states can adjudicate their disputes in a neutral forum.  *See Bank of United States v. Devaux*, 9 U.S. 61 (1809) (Marshall, C.J.).

In general, there are three reasons for a federal district court to abstain from deciding a case over which it properly has jurisdiction, all of which are based in principles of comity: (1) to avoid ruling on unclear state law, (2) to avoid interfering with

pending state proceedings,[2] and (3) to avoid duplicative litigation.[3] *See* Erwin Chemerinsky, Federal Jurisdiction chs. 12–14.  The second and third rationales apply only when there is pending litigation in both state and federal court; here, there is only one action, and the question is where it should proceed—in state *or* federal court.

Abstention because of unclear state law, which Plaintiff seems to rest her argument on, *see* Doc. No. 6 at 2–3, is appropriate in a few separate circumstances.  Under *Railroad Commission of Texas v. Pullman Co.*, a federal court must not decide a constitutional issue when a clarification of state law might obviate the resolution of the constitutional question.  Federal courts also refrain from interpreting complex state administrative or regulatory schemes.  *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).  Finally, abstention is sometimes proper in a diversity case that both involves uncertain state law and implicates an important state interest that is intimately involved with the government's sovereign prerogative.[4]  *La. Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959); Chemerinsky, Federal Jurisdiction, § 12.2.2.

Here, Plaintiff's arguments as to abstention are conclusory and seem to misunderstand the above-cited doctrines.  Plaintiff's Complaint raises no constitutional questions, and there is no extraordinary state administrative scheme governing the claims.  Plaintiff seems to primarily argue that the Court should abstain from deciding this case because the case presents only issues of state law.  However, the fact that the Complaint raises no federal issues does not support abstention, either.  Indeed, Congress's grant of diversity jurisdiction is directed at cases involving only state law claims.  After all, if a

---

[2] *See Younger v. Harris*, 401 U.S. 37 (1971).  *Younger* and its progeny outline when it is appropriate for federal courts to enjoin separate state proceedings.

[3] *See Colorado River*, 424 U.S. 800 (1976).  *Colorado River* and subsequent cases concern what federal courts should do when an action in state court duplicates the federal case.

[4] One or the other is not enough.  *See Meredith v. Winter Haven*, 320 U.S. 228 (1943) (holding that "uncertain or difficult" state law is not sufficient to justify abstention); *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185 (1959) (no abstention where state law is clear).

complaint raises issues of federal law, a district court has federal question jurisdiction over the federal claims and supplemental jurisdiction over any related state law claims. 28 U.S.C. §§ 1331, 1367.  To the extent Plaintiff argues the Court should abstain from hearing this case because "application of [the] UCL in particular has been an area of sufficient jurisdictional ambiguity," she cites no authority for this proposition.  Moreover, although not specifically mentioned by Plaintiff, the Court also finds that it has equitable jurisdiction over Plaintiff's UCL claim because Plaintiff pleads that she lacks an adequate remedy at law.[5]  Compl. ¶ 228.

Accordingly, there is no basis for the Court to decline to invoke the jurisdiction conferred upon it by Congress.

### IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED**.

Dated:  September 19, 2024

HON. MICHAEL M. ANELLO
United States District Judge

---

[5] Even if the Court lacked equitable jurisdiction over Plaintiff's UCL claim, it would still deny her motion to remand because her Complaint contains both legal and equitable claims.  *See Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001) (noting lack of equitable jurisdiction over some claims cannot serve as a basis for remanding a case in its entirety).